UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KENNETH BROWN, on behalf of himself )
and other similarly situated individuals, )
)
      Plaintiff, )
)
v. ) No. 4:14CV1786 RLW
)
REDDY ICE CORPORATION, )
)
      Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Protective Order (ECF No. 18). Plaintiff filed a response in opposition to the motion, and Defendant filed a reply. Upon review of the motion and responses thereto, the Court will deny Defendant's motion.

## Background

Plaintiff filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of himself and others similarly situated. Plaintiff contends that Defendant failed to pay him what was lawfully required under the FLSA by misclassifying his position. On February 20, 2015, Defendants filed a motion for protective order, after learning that a former employee of Defendant, Ashley Hogan, had emailed Plaintiff's attorney the day after Defendant let Mr. Hogan go. In addition, Mr. Hogan spoke with counsel for 30 minutes by phone the following day. Defendant maintains that the content in these communications, as well as any deposition testimony by Mr. Hogan, are protected by attorney-client privilege or the work product doctrine. Alternatively, Defendant argues that the request causes annoyance, embarrassment, oppression, or undue burden or expense. Plaintiffs respond that the possibility of some communication between Mr. Hogan and in-house counsel cannot be used to prevent

Plaintiffs entirely from obtaining discoverable information under the guise of privilege or work product.

## Discussion

The scope of discovery for actions filed in federal court are set forth in Federal Rule of Civil Procedure 26(b)(1). That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

However, under Federal Rule of Civil Procedure 26(c), a party may move for a protective order pertaining to discovery requests in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 30, 36 (1984)). "The party moving for the protective order has the burden to demonstrate good cause for issuance of the order." *Buehrle v. City of O'Fallon, MO*, No. 4:10CV00509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011) (citation omitted). In order to show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Id.* (citation omitted). Stereotypical and conclusory statements are insufficient to establish good cause under Rule 26(c). *Miscellaneous Docket Matter No. 1*, 197 F.3d at 926.

Here, Defendant contends that the Court should prohibit Plaintiff from deposing Mr. Hogan because his only relevant testimony is protected by attorney-client privilege or the work-

product doctrine. The Court finds that, while Defendant has stated some possible scenarios where conversations between Mr. Hogan and in-house counsel could be protected by attorney-client privilege or the work product doctrine, Defendant has failed to demonstrate the requisite good cause to justify an order precluding Mr. Hogan from providing deposition testimony or answers to interrogatories altogether. As stated above, the Court has discretion in determining the degree of protection required. Because Defendant has not specified what aspects of Mr. Hogan's job and/or potential testimony involved privileged communication with counsel for the purpose of obtaining legal advice or work product in anticipation of litigation, the Court will allow the deposition to go forward. *See In re Complaint Osage Marine Servs., Inc.*, NO. 4:10-CV-1674 (CEJ), 2011 WL 6813076, at *2 ("To obtain a protective order, the movant 'must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one.'") (quoting *Fridered v. Schlitz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993)). However, pursuant to Rule 26(c)(1)(F), the Court will require that the deposition transcript be sealed to allow the Defendant to make specific objections to the admission of the testimony based on privilege or work product arguments.

Likewise, while Defendant argues that providing information from Mr. Hogan would be unduly burdensome, duplicative, and could be obtained from party witnesses, the Court finds that, at this point in the litigation, Plaintiffs may seek discovery from Mr. Hogan. The Court can determine the admissibility of Mr. Hogan's deposition testimony upon specific objections.

With regard to Defendant's request that the Court limit discovery to the specific allegations in the Complaint, the Court will deny such request. As stated above, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

3

defense . . . ." Fed. R. Civ. P. 26(b)(1). "'Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (quoting Fed. R. Civ. P. 26(b)(1)).

Here, the example interrogatories seek information regarding the identification of employees paid at the same compensation rates as Plaintiff and information regarding Defendant's timekeeping mechanism. These questions are relevant to Plaintiff's FLSA claims. Plaintiff's Complaint alleges a deficient timekeeping and payroll system with regard to service technicians and/or service technician supervisors, or other similar job titles. (Compl. ¶¶ 6, 22, ECF No. 1) At this point in the litigation, Defendant has failed to demonstrate that the discovery requests directed at Defendant and/or Mr. Hogan are not reasonably calculated to lead to the discovery of admissible evidence. *See Jo Ann Howard & Assoc., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) ("The burden is typically on the party resisting discovery to explain why discovery should be limited because the rules of discovery are broad."). While Defendant requests a blanket order limiting discovery to the specific allegations, it has not provided specific examples or factual support as to how each discovery request is improper.[1] Therefore, Defendant's request for a protective order limiting all discovery to specific claims will be denied.

---

[1] Defendant acknowledges that it is not asking the Court to rule on the merits of specific objections but that Defendant merely provided examples of how Plaintiff was attempting to expand discovery beyond the pleadings. (Def.'s Reply in Support of Mot. for Protective Order p. 3, n.2, ECF No. 41). The Court notes, however, that in the case upon which Defendant relies, the court looked at specific objections to numbered topics to determine whether the questions went beyond the class certification issue. *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-CV-SJ-FJG, 2011 WL 1131129, at *5 (W.D. Mo. Mar. 28, 2011). Further, the *Ingersoll* court provided no reasoning or support for the proposition that the Court issue a protective order "limiting

Finally, Defendant asks the Court to prohibit Plaintiff from possessing privileged information and from using such information. The Court presumes that Defendant is referring to the email exchange and phone call between Mr. Hogan and Plaintiff's counsel. *In camera* review of the email fails to definitively demonstrate privilege absent more specific details showing the attorney-client or work product nature of Mr. Hogan's information regarding his personal observations of overtime pay and classification practices while employed by Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order (ECF No. 18) is **DENIED** in its entirety.

Dated this 21st day of May, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

discovery to those allegations specifically pled within Plaintiff's Complaint." (Mot. for Protective Order 1, ECF No. 18)