UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH BROWN, on behalf of himself and other similarly situated individuals, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | No. 4:14CV1786 RLW |
| ) ) | |
| REDDY ICE CORPORATION, ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 52). The motion is fully briefed and ready for disposition. Upon review of the motion and responses thereto, the Court will grant Plaintiff's motion.

Plaintiff filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of himself and others similarly situated. Plaintiff contends that Defendant failed to pay him what was lawfully required under the FLSA by misclassifying his position. The Court entered a Case Management Order ("CMO") on December 18, 2014, setting the deadline for amendment of pleadings as March 2, 2015. After the Court issued the CMO, Defendant filed a Motion for Protective Order, seeking to prohibit a former employee of Defendant from providing deposition testimony and to limit the scope of discovery to the specific allegations in the Complaint. In a Memorandum and Order dated May 21, 2015, the Court denied Defendant's motion. (Mem & Order of 5/21/15, ECF No. 51) Plaintiff then filed the instant Motion for Leave to File First Amended Complaint, seeking to add information he could not use while Defendant's Motion for Protective Order was pending. Defendant opposes

the motion, arguing that Plaintiff failed to establish good cause for seeking leave to amend almost three months after the deadline in the CMO.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court should freely grant leave to amend a pleading when justice so requires. "[T]he court has broad discretion and will only deny leave to amend in order to avoid undue delay, where there has been bad faith on the part of the plaintiff, when amendment would be futile or when amendment would result in unfair prejudice to the defendants." *Swider v. Hologic, Inc.*, Civil No. 12-1547 (DSD/AJB), 2012 WL 6015558, at *2 (D. Minn. Dec. 3, 2012) (citation omitted). Here, Defendant contends that Plaintiff could have filed his motion to amend prior to the deadline in the CMO and that amendment at this late date would prejudice Defendant because the Motion to Conditionally Certify the FLSA Collective Action is fully briefed. However, Plaintiff correctly notes that only upon this Court's denial of the Motion for Protective Order could Plaintiff further investigate the information provided by Defendant's former employee. Further, this case is assigned to Track 3, Complex, and discovery is ongoing. Thus, the Court finds that justice requires that Plaintiff be allowed to file the First Amended Complaint attached to his motion as Exhibit 1.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 52) is **GRANTED.**

Dated this 6th day of July, 2015.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**