IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH BROWN, on behalf of himself and other similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 4:14-cv-01786-RLW |
| REDDY ICE CORPORATION, | ) ) ) |
| Defendant. | ) ) |

**THE PARTIES' JOINT MOTION AND MEMORANDUM OF LAW FOR LEAVE TO FILE PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT APPROVAL OF FLSA SETTLEMENT AGREEMENT UNDER SEAL OR, ALTERNATIVELY, IN CAMERA**

COME NOW Plaintiff Kenneth Brown ("Plaintiff") and Defendant Reddy Ice Corporation ("Defendant") (collectively, "the Parties"), by and through their respective undersigned counsel, and pursuant to Rule 83-13.05 of the Local Rules of the United States District Court for the Eastern District of Missouri, state that Courts allow the parties to file settlement agreements under seal in FLSA collective action cases like this case, and hereby moves this Court for an order permitting Plaintiff's Motion For Leave To File Motion For Approval Of Settlement And Related Documents received and maintained by the clerk under seal and/or to be reviewed *in camera* by this Court.

1. Defendant Reddy Ice Corporation and Plaintiff Brown have entered into a proposed settlement agreement and related opt-in agreements resolving Plaintiff's and the proposed collective class' claims in the above-captioned matter and allocating funds between the Plaintiff, the putative class, and Plaintiff's counsel. The Parties' agreement contains a confidentiality provision prohibiting the public disclosure of its terms, the disclosure of which would reveal Defendant's confidential business information.

1

2. On December 11, 2015, after being notified of a preliminary agreement between the parties to resolve their dispute, this Court ordered the Parties to file the necessary settlement documents to dispose of the lawsuit. [ECF No. 83].

3. Since December 11, 2015, the Parties' counsel have worked extensively to prepare the necessary settlement documents and have met and conferred on multiple occasions to discuss the settlement process and agreement. [ECF No. 84]. On February 8, 2016, the Court stayed this matter pending submission of the appropriate settlement document. [ECF No. 85].

4. The Parties are now in accord as to the material terms of the settlement and seek to file such appropriate settlement documents as ordered by the Court.

5. The pleadings and exhibits Plaintiff intends to file include documents that contain information that is confidential and that has been designated as confidential by the parties; confidential information not generally available to the public; privileged information, including documents and information covered by the attorney-client privilege, and other non-public financial and business information.

6. The Court has entered a Protective Order stipulated to by the Parties governing the use of confidential information and portions of briefs, affidavits, memoranda, depositions or other writing containing or referring to Confidential Information. [ECF No. 64].

7. Rule 83-13.05 provides that upon a showing of good cause, the Court may order that documents filed in a civil case be received and maintained by the Clerk under seal. This request is being made in a good faith effort to insure the confidentiality of the private information contained within Plaintiff's motions, memoranda, and related supporting documents.

8. FLSA settlements and releases require court approval. Public policy encourages settlements of FLSA litigation. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th

Cir. 1982). Nonetheless, settlement of an FLSA collective action generally requires court approval because private agreements will not effectuate a valid release for the employer. *Id.*; *see also Barrentine v. Arkansas–Best Freight Sys.,* 450 U.S. 728, 740 (1981).

9. Courts have conducted the required approval and review of FLSA settlements and releases requiring approval *in camera*. *See, e.g. Cruthis v. Vision's*, 2014 WL 4092325 at *1 (E.D. Ark. Aug. 19, 2014) (approving confidential FLSA collective action settlement after in camera review of settlement documents).

10. The inclusion of allegedly privileged or otherwise confidential attorney-client information in a document justifies granting a motion to review such information *in camera* necessary to provide a check on claims of privilege and opinion or work product information, while maintaining confidentiality of such information. *See United States v. Zolin*, 491 U.S. 554, 569, 109 S. Ct. 2619, 2629, 105 L. Ed. 2d 469 (1989) ("[The Supreme] Court has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection."). Whether to permit review of documents *in camera* is left to the sound discretion of the district court. *See id.*

11. Courts regularly place FLSA settlements and related documents under seal. *See, e.g.*, *Beasley v. GC Servs., LP*, No. 09-CV-1748, Order, ECF No. 196 (E.D. Mo. Oct. 4, 2011) (allowing parties to submit settlement agreement under seal in an FLSA collective action filed against a call-center company); *Rose v. Wildflower Bread Co.*, No. 09-CV-1348, 2011 U.S. Dist. LEXIS 69953, at *2 (D. Ariz. June 28, 2011) (allowing parties to file portion of settlement agreement under seal because it contained a financial breakdown of the settlement); *Dowling v. Emadco Disposal Serv.*, 2011 U.S. Dist. LEXIS 53351, at *3 (E.D. Cal. May 17, 2011) (allowing parties to file settlement-related documents under seal where the documents contained financial data); *Torres v. Total Facility Servs.*, LLC, No. 10-CV-1831, Order, ECF No. 11 (N.D. Ga. Oct.

27, 2010) (approving FLSA settlement where parties submitted agreement directly to the judge's chambers and did not file agreement publically); *Francis v. Metals (USA) Plates & Shapes Se., Inc.*, No. 07-CV-222, Order, ECF No. 32 (S.D. Ala. Aug. 20, 2007) (approving settlement agreement and placing agreement under seal where parties stated in their joint motion for approval of the settlement agreement that they mailed the "confidential settlement agreements and releases . . . to the Court under separate cover to preserve the confidentiality of the Agreements"); *Medley v. Am. Cancer Soc'y.*, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010) (permitting the filing of a FLSA settlement agreement under seal because its terms were confidential). Courts around the country have sealed FLSA settlement documents where the parties have agreed that the settlement should be kept confidential or have included a confidentiality clause in the settlement agreement. See, e.g., *Simmons v. Enter. Holdings, Inc.*, No. 10-CV-625, Order, ECF No. 148 (E.D. Mo. Dec. 2, 2011) (sealing settlement agreement of call-center FLSA claims where parties stated that they agreed to confidentiality of the settlement agreement and no alternative to sealing existed that would protect the confidential terms of the agreement); *Dernovish v. AT&T Operations, Inc.*, No. 09-CV-15, Order, ECF No. 287 (W.D. Mo. Feb. 7, 2011) (conducting in camera review of settlement agreement and approving sealing of financial portion of settlement).

12. The inclusion of sensitive business information in a document justifies granting a motion to seal that document. *See, e.g.*, *Bodemer v. Swanel Beverage, Inc.*, No. 2:09-cv-90, 2012 U.S. Dist. LEXIS 107616, at *59 (N.D. Ill. July 31, 2012) ("The Seventh Circuit has recognized that documents that contain information that meets the definition of trade secret or other confidential information may be sealed."); *Holt v. Waffle House, Inc.*, No. 06-CV-00002, Order, ECF No. 238 (S.D. Ala. Nov. 16, 2007) (sealing an FLSA settlement agreement because it contained information about the Defendant's pay structure and employee incentive plan). Here, discussing this sort of sensitive information (including Defendant's time-keeping methods, management structures, pay

information, and other business practices and procedures) may be necessary to explain the formula used to calculate each individual plaintiff's award and the path to the Parties' compromise. Because the settlement documents at issue contain details related to sensitive business topics, they should be sealed to preserve the confidentiality of Defendant's sensitive business information.

WHEREFORE, for the foregoing reasons, the Parties respectfully request this Court enter an Order granting their Motion for Leave to file Plaintiff's Unopposed Motion for Settlement Approval of FLSA Settlement Agreement with the Clerk of this Court under seal, to Order that such documents be received and maintained by the clerk under seal, and/or to review such documents *in camera*, and for any other relief this Court deems just and proper.

Respectfully submitted,

By: */s/ Kevin J. Dolley*
Kevin J. Dolley (E.D. Mo. #54132MO)
Jason M. Finkes (E.D. Mo. #65903MO)
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis MO 63144
(314)645-4100 (office)
(314)736-6216 (fax)
kevin@dolleylaw.com
jason.finkes@dolleylaw.com

*Attorneys for Plaintiff Kenneth Brown and those similarly situated*

By: /s/ *Hunter Johnson*
Hunter Johnson, TX Bar No. 10753900 (Admitted Pro Hac Vice)
CONSTANGY, BROOKS AND SMITH, LLP
1201 Elm Street, Suite 2250
Dallas, TX 75270
Telephone: (214) 646-3421
Facsimile: (214) 749-0078
hjohnson@constangy.com

Heather M. Lake, MO Bar No. 53169
CONSTANGY, BROOKS AND SMITH, LLP
2600 Grand Blvd, Suite 750
Kansas City, Missouri 64108
Telephone: (816) 472-6400
Facsimile: (816) 472-6401
hlake@constangy.com

*Attorneys for Defendant Reddy Ice Corporation*