UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH BROWN, on behalf of himself and other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>REDDY ICE CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 4:14CV1786 RLW<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER APPROVING SETTLEMENT

Plaintiff Kenneth Brown has filed a Consent Motion for Approval of FLSA Collective Action Settlement (ECF No. 87), which was filed under seal. This case was brought under § 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and, as such, any settlement must be approved by the Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In support of the motion, Plaintiff has submitted a brief detailing the negotiations that led to the settlement and the confidential Settlement Agreement ("Agreement"). Because the Court finds that the settlement is fair and equitable to both parties, it will approve the proposed Agreement. Further, as part of the settlement, Plaintiffs request that this Court certify a class as an FLSA collective action.

### Class Certification

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to work a week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage. 29 U.S.C. § 207. A collective action under the FLSA to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of

himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent in writing to join the action. 29 U.S.C. § 216(b); *Schmaltz v. O'Reilly Auto. Stores, Inc.*, No. 4:12-CV-1056-JAR, 2013 WL 943752, at *2 (E.D. Mo. March 11, 2013).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated" for purposes of a collective action. *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010). "The first step is the 'notice stage,' in which plaintiffs seek early conditional class certification and notify potential class members of the case." *Bilskey v. Bluff City Ice, Inc.*, No. 1:13-CV-62 SNLJ, 2014 WL 320568, at *1 (E.D. Mo. Jan. 29, 2014) (quoting *Littlefield*, 679 F. Supp. 2d at 1016). The plaintiffs' burden at this stage is not an onerous one; instead, "'[c]onditional certification at the notice stage requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Littlefield*, 679 F. Supp. 2d at 1016 (quoting *Schleipfer v. Mitek Corp.*, No. 1:06CV109 CDP, 2007 WL 2485007, at *3 (E.D. Mo. Aug. 29, 2007)). The Court does not reach the merits of the plaintiff's claims or determine whether class members are actually similarly situated at this stage of the litigation. *Id.* If the Court conditionally certifies the class, the potential class members are given notice and an opportunity to opt-in. *Wilson v. PNK (River City), LLC*, No. 4:15CV00380 AGF, 2015 WL 5098716, at *2 (E.D. Mo. Aug. 31, 2015).

The second step is the "merits stage" and occurs when the defendant moves to decertify the class, typically after the close of discovery. *Bilskey*, 2014 WL 230568, at *2. "Applying a

stricter standard, the court at the second step makes a factual determination on the similarly situated question." *Wilson*, 2015 WL 5098716, at *2.

In the instant case, the Plaintiffs moved for conditional certification, Defendant filed a response in opposition, and Plaintiffs filed a reply brief. However, the parties reached a settlement before the Court addressed the pending motion. In considering whether the Plaintiffs are similarly situated for purposes of certification under the first step, this Court applies a lenient standard and finds that the two proposed classes, the Commissions Plus Day Rate Class and the Service Technician Class meets the criteria of this step.

With regard to the second step, the Court must determine whether the Plaintiffs are similarly situated. *Brennan v. Qwest Commc'ns Int'l, Inc.*, No. 07-2024 ADM/JSM, 2009 WL 1586721, at *3 (D. Minn. June 4, 2009) (citation omitted). "In deciding whether the plaintiffs are similarly situated, a court considers several factors, including (1) the extent and consequences of disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) other fairness and procedural considerations." *Id.* (citations omitted).

Here, the parties' contend that the proposed classes contain similarly situated individuals warranting certification for settlement purposes. Both classes worked for Defendant. The Defendant employed a single policy and practice of allegedly unlawful compensation to the Commissions Plus Day Rate Class Members. In addition, the Service Technician Class members performed the same type of work but were allegedly misclassified as exempt for overtime purposes. According to the suggestions in support of the motion to approve the settlement, these respective classes were subject to the same uniform policy or practice alleged to be unlawful under the FLSA, thus meeting the "similarly situated" requirement for class certification. *See*

*Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007) (finding allegations that the class members performed essentially the same job and were paid using the same rate system were sufficient to conditionally certify the class); *Greenwald v. Phillips Home Furnishings, Inc.*, No. 4:08CV1128 CDP, 2009 WL 259744, at *6-*7 (conditionally certifying FLSA collective action for misclassifying workers as exempt and denying them overtime compensation).

Additionally, taking into account other fairness and procedural considerations, certification would allow hundreds of employees to effectively pool their resources for litigation. *See Shackelford v. Cargill Meat Sol. Corp.*, No. 12-CV-4065-FJG, 2013 WL 209052, at *2 (W.D. Mo. Jan. 17, 2013) (certifying case as an FLSA collective action for settlement purposes where, *inter alia*, fairness and procedural considerations, including the number of plaintiffs and the effectiveness in joining them in the litigation, weighed in favor of collective treatment) (citation and internal quotation omitted). In *Shackelford*, the district court finally certified the class as a collective action for settlement purposes even though the plaintiffs had not moved for conditional certification prior to settlement. *Id.* This Court similarly finds that two classes proposed under the terms of the Agreement are similarly situated and determines that this case should be finally certified as a collective action under the FLSA. Thus, the Court will proceed to determining whether the Agreement should be approved. *Id.*

### **Class Settlement Agreement**

A district court may only approve a settlement agreement in a case brought under § 216(b) after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Id.*; *Fry v. Accent Mktg. Servs., L.L.C.*, No. 4:13CV59 CDP, 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014).

4

Here, the Agreement is the product of contested litigation, as the parties disputed numerous issues during the litigation. The Plaintiff in this action has brought suit against his former employer to recover allegedly unpaid overtime wages under the FLSA. Defendant disputes this and vigorously contested Plaintiff's motion to conditionally certify the FLSA collective action. The Court referred the case to Alternative Dispute Resolution ("ADR") on May 4, 2015, and after several extensions of time to complete mediation, the parties achieved a settlement in December 2015. Thereafter, the parties requested additional time to prepare and submit the settlement documents.

To determine whether the settlement is fair and reasonable under the FLSA, courts consider the same fairness factors typically applied to a Rule 23 class action. *Fry*, 2014 WL 294421, at *1; *Moore v. Ackerman Inv. Co.*, No. C 07-3058-MWB, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009). "Among the factors a court may consider are the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Fry*, 2014 WL 294421, at *1. In the instant case, the parties engaged in contested litigation for nearly a year and a half, including extensive discovery and discovery disputes, which involved undecided and complex questions of law and fact under the FLSA. Despite the contentiousness of the case, the parties successfully negotiated a fair and reasonable resolution of their disputes. The parties have agreed to and have attached the final Settlement Agreement that resulted from extensive negotiations before a qualified and experienced neutral. The Agreement is a compromise based on the relative strengths and weaknesses of the claims, as well as the litigation risks and unresolved questions of law.

Further, the parties were represented by experienced and competent counsel throughout the settlement negotiations and the pendency of the case. Counsel for both parties were able to assess the value of the respective claims and defenses and incorporate those values into the terms of the settlement. The Court finds no basis to doubt that the settlement is fair and reasonable to both parties in light of the complexity, expense, and uncertain outcome of continued litigation.

The Agreement also contains attached notice forms to potential opt-in class members, a consent to join form, and a release form. Further, a potential opt-in Plaintiff may elect to do nothing with the settlement and later independently pursue his or her rights under the FLSA. Additionally, the potential opt-in Plaintiffs will have sixty (60) days from the day of mailing to determine whether to participate, which the Court finds to be a reasonable opt-in period. The Court finds the notice and consent forms attached to the Agreement and comprising the Notice Packet are a reasonable and appropriate means by which potential opt-in Plaintiffs may elect to participate in the settlement.

Further, the Court finds the requested attorneys' fees in this case are reasonable. "It is well-established that '[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rat[e].'" *Fry*, 2014 WL 294421, at *1 (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851, (8th Cir. 2002)). Defendant does not oppose the amount of attorneys' fees requested by Plaintiff's counsel. In addition, the Court finds the amount is based on a reasonable hourly rate and is reasonable based upon the amount of time and effort expended on this case. Finally, the Court finds that the incentive payment to Plaintiff Brown is fair and reasonable in light of his participation in this case.

The Court notes that the parties request the Court to retain jurisdiction over this action to enforce the settlement. The Court will do so in this case but warns the parties that they should use their best efforts to resolve any settlement disputes without Court involvement, as the Court is not in the business of administering settlements.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissions Plus Day Rate Class and Service Technician Class are certified in this FLSA collective action for settlement purposes.

**IT IS FURTHER ORDERED** that Plaintiff's Consent Motion for Approval of FLSA Collective Action Settlement Filed under Seal (ECF No. 87) is **GRANTED.**

**IT IS FURTHER ORDERED** that within thirty (30) days after the completion of payments, the parties shall file a joint stipulation of dismissal.

Dated this 19th Day of May, 2016.

                                                     **RONNIE L. WHITE**
                                                   **UNITED STATES DISTRICT JUDGE**